IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> IRWING VARGAS-MOLINA, <br><br> Defendant. | Criminal No. 00-845 (SEC) |

**MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) AND AMENDMENT 750**

TO THE HONORABLE SALVADOR E. CASELLAS
SENIOR UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF PUERTO RICO

**COMES NOW** defendant IRWING VARGAS-MOLINA (hereinafter "Mr. Vargas-Molina"), represented by the Federal Public Defender for the District of Puerto Rico through the undersigned attorney, and very respectfully states, alleges and prays as follows:

**I. INTRODUCTION**

Mr. Vargas-Molina has filed several motions with the Court requesting relief that is grounded on several different arguments. It is unclear whether any of the motions filed *pro se* by Mr. Vargas-Molina and denied by the Court can actually be characterized as a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the sentencing guidelines which lowered the offense levels for offenses involving cocaine base and was made retroactive by the Sentencing Commission. The undersigned counsel has analyzed Mr. Vargas-Molina's case and believes that the defendant is indeed eligible for a sentence reduction. We ask the Court to accept the present filing as Mr. Vargas-Molina's first motion for reduction of sentence under Amendment 750 and to grant, for the reasons set forth below, a reduction in sentence to **188 months**.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A.    The Original Sentence

Mr. Vargas-Molina was charged along with other co-defendants, in a Superseding Indictment that alleged the offenses of conspiracy to possess with intent to distribute several controlled substances, and several counts of illegal possession of firearms. (Docket No. 71.)  On the first day of trial, Mr. Vargas-Molina entered into a straight guilty plea to Counts 1, 2 and 3. (Docket No. 351.)  Even though there was no written plea agreement, the parties verbally agreed that at sentencing they would recommend a base offense level of 36 and a sentence at the lower end of the applicable guidelines range. (*See* COP Transcript, Docket No. 458 at 17; Attachment 1.)  The parties did not identify what amount or type of drug the agreed-upon base offense level corresponded to.

At sentencing, this Honorable Court accepted the recommendation and started the guideline computation of Mr. Vargas-Molina at a base offense level of 36. (*See* Sentencing Transcript, Docket No. 609 at 3; Attachment 2.)  In pronouncing the sentence, this Court made the following guideline calculations as to Mr. Vargas-Molina.  A base offense level of 36 based on the agreement of the parties. This Court also applied a two-level enhancement under USSG § 2D1.1(b)(1) for the possession of firearms within the conspiracy.  The Court also reduced Mr. Vargas-Molina's offense level by two levels for his acceptance of responsibility under USSG § 3E1.1(a).

The total adjusted offense level was 36 and with a Criminal History Category of III, the imprisonment range dictated by the Sentencing Table was 235 to 293.  This Honorable Court imposed 235 months of imprisonment as to Count One, 180 months as to Count Two, and 120 months as to Count 3, to be served concurrently with each other. (Amended

Judgment, Docket No. 509.) Mr. Vargas-Molina did not seek to appeal the sentence imposed by the Court.

### B. The First Motion for Sentencing Reduction

On January 1, 2012, Mr. Vargas-Molina filed a *pro se* motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Docket No. 767.) The procedure set forth in Administrative Directive, Misc. 11-437 (ADC) was activated and the case was referred to the office of probation for recommendation and issuance of retroactivity package. (Docket No. 768.) The Federal Public Defender was also appointed to represent the defendant. (*Id.*)

On January 26, 2012, the undersigned filed an informative motion and a motion to withdraw as counsel. (Docket No. 769.) In it, the undersigned informed that the relief requested by Mr. Vargas-Molina was unrelated to the crack retroactive amendments and requested leave to withdraw from the legal representation. (*Id.*) On the same date, this Honorable Court noted the informative motion filed and denied the request to withdraw as counsel. (Docket No. 770.) The Court specifically ordered the Federal Public Defender to continue representing Mr. Vargas-Molina by requesting the appropriate relief. (*Id.*)

On February 6, 2012, the undersigned filed a motion explaining why the undersigned understood that the relief requested by Mr. Vargas-Molina was not available to him given that it was grounded on Amendment 742 which was not retroactive. (Docket No. 771.) The undersigned once again moved to withdraw from the representation. (*Id.*)

The Court denied Mr. Vargas-Molina's motion on February 7, 2012 for the reasons averred by the undersigned in its motion in compliance. (Docket No. 772). Mr. Vargas-Molina moved for reconsideration (Docket Nos. 774, 777, 785) but this Court denied said motions. (Docket No. 788).

**C. The July 26, 2012 Informative Motion**

It is necessary to point out that on July 26, 2012, Mr. Vargas-Molina did file a motion, titled "Informative Motion in Support of Motion to Reduce Sentence Pending in the Above Caption [sic] Case." (Docket No. 791.) For the first time, Mr. Vargas-Molina makes mention of the retroactive crack amendments, albeit Amendments 706 and 715, which were made retroactive by the sentencing commission in March of 2008. Said amendments only called for a two-level reduction for eligible defendants. As far as the undersigned can see, this motion is pending and has not been ruled upon. The government has generally opposed a sentencing reduction in this case arguing that the offense in Mr. Vargas-Molina's case involved only cocaine. (*See* Docket No. 793.) The position of the government appears to be in accord with the recommendation of the probation officer at Docket No. 786 stating as follows:

> The parties agreed to hold the defendant responsible for at least fifty (50) kilograms of cocaine but less than one hundred and fifty (150) kilograms of cocaine. The presentence report prepared in this case used this amount for guideline computation purposes and at the time of sentencing, the Court followed the agreement. As such, this is not a crack cocaine case.

(Docket No. 786 at 2.)

**D. Co-Defendant Luis Figueroa-Toro**

The undersigned became aware recently that Mr. Vargas-Molina could indeed be eligible for a sentencing reduction when it was brought to his attention the case of co-defendant Luis Figueroa-Toro. Mr. Figueroa-Toro pleaded guilty to Count One of the indictment under identical circumstances to those of Mr. Vargas-Molina: on the first day of trial and with a recommendation of a base offense level of 36 with no specification as to amount of crack or other drugs. (*See* Docket No. 458.) This Court sentenced Mr. Figueroa-Toro to 151 months. (Judgment, 487.)

On March 19, 2008, Mr. Figueroa-Toro filed a motion for reduction of sentence under Amendment 706. (Docket No. 701.) The probation officer recommended denial of the motion finding as follows:

> At sentencing, the Court determined that the defendant was to be held accountable for distributing multi-kilogram quantities of drugs as charged in the Superseding Indictment and established for guideline computation purposes the defendant was to be held responsible for amounts in excess of ten (10) kilograms of heroin, fifty (50) kilograms of cocaine, 500 grams of cocaine base, and at least 10,000 kilograms of marijuana, establishing a base offense level of 36.

(Docket No. 707.) Based on this recommendation, this Honorable Court denied Mr. Figueroa-Toro's motion for sentencing reduction. (Docket No. 719.) Mr. Figueroa-Toro appealed. (Docket No. 720.)

The Court of Appeals reversed the decision of this Court and remanded for further proceedings. (*See* Docket No. 732.) The First Circuit concluded that the probation officer's position was not supported by the record. Specifically, the appellate court held:

> We see no support in the materials before us for the probation officer's statement that the sentencing judge concluded at sentencing that defendant "was to be held responsible for amounts in excess of ten (10) kilograms of heroin, fifty (50) kilograms of cocaine, 500 grams of cocaine base, **and** at least 10,000 kilograms of marihuana" (emphasis added) or any factual basis in the record to support such a finding, had it been made. Instead, the district court accepted the parties' stipulation to base offense level 36 and did not resolve exactly how -- in terms of specific controlled substances and their amounts attributable to defendant -- that offense level had been constructed. True, the first day's evidence established a long-running conspiracy which distributed all four controlled substances, but the trial was aborted by guilty pleas before evidence concerning defendant's role and the time frame of his participation was received. In pleading guilty, defendant admitted to being a runner, but, again, no time frame was placed on defendant's involvement and no specific substances or quantities were attributed to defendant. Defendant did at one time admit to responsibility for more than 3.5, but less than five, kilograms cocaine, but that quantity

5

>would have placed defendant only at base offense level 30. The government urged the court at sentencing to find at least 50 kilograms of cocaine so as to account for base offense level 36, but the court did not so specify, and the written judgment describes the "nature of offense" as "conspiracy to distribute more than three point five (3.5) kilograms but less than five (5) kilograms of cocaine." As far as we can see from the materials which have been submitted to us, there is a gap as to what substances were responsible for the rise from base offense level 30 to base offense level 36.
>
>We do not purport to determine how eligibility for § 3582(c)(2) relief should be approached when a defendant has pled guilty to a base offense level rather than to specific controlled substance amounts and types, as that matter has not been briefed to us. Instead, the government's brief proceeds on the assumption that the sentencing judge made a specific finding that defendant was responsible for sufficient cocaine, sufficient heroin, or sufficient marihuana, any one of which would place him in base offense level 36. Because we do not see -- and have not been pointed to -- any such finding or basis for it, we vacate the order denying relief and remand for further proceedings.
>
>Vacated and remanded.

(Judgment Court of Appeals, Appeal No. 09-1065, Docket No. 732.)

On remand, the parties eventually reached a stipulation for a sentencing reduction. (Docket No. 753.) This Honorable Court approved the stipulation and reduced Mr. Figueroa-Toro's sentence to 121 months. (Docket No. 759.)

With the above as background, Mr. Vargas-Molina discusses why his circumstances are identical to those of Mr. Figueroa-Toro and why he too should be found eligible for a sentencing reduction.

### III.  APPLICABLE LAW AND ARGUMENT

**A. The Law**

As a general rule, district courts may not modify a term of imprisonment once it has been imposed, except in the specific circumstances delineated by 18 U.S.C. § 3582(c).

6

*United States v. Cardosa*, 606 F.3d 16, 19 (1st Cir. 2010)(citing *United States v. Jordan*, 162 F.3d 1, 2-3 (1st Cir. 1998)). An exception exists for a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *United States v. Roa,* 607 F.3d 255, 257 (1st Cir. 2010). In such a case, "the court may reduce the term of imprisonment, after considering the factors set forth in 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

On August 3, 2010, the Fair Sentencing Act ("FSA") was signed into law. *See* Pub. L. No. 111-220, 124 Stat. 2372 (2010). Among other things, the FSA, which sought to restore fairness to cocaine sentencing, increased the threshold quantities of crack cocaine required to trigger the mandatory minimum penalties in 21 U.S.C. §§ 841(a)(1) and (b). The FSA provided the United States Sentencing Commission with emergency authority to amend the sentencing guidelines in order to make them conform the new penalty regime. *United States v. Douglas*, 644 F.3d 39, 41 (1st Cir. 2011). To this effect, on October 27, 2010, and through Amendment 748, the Sentencing Commission promulgated a temporary emergency amendment. 75 Fed. Reg. 66, 188 (Oct. 27, 2010). In essence, the drug quantity tables found in USSG §§ 2D1.1 and 2D2.1 were amended thereby "increasing the required quantity to be subject to each base offense level in a manner proportionate to the statutory change to the mandatory minimums effectuated by the FSA. *United States v. Curet*, 670 F.3d 296 (1st Cir. 2012)(citing 75 Fed. Reg. 66,191.). The emergency amendment entered into effect on November 1, 2010.

Subsequently, the Sentencing Commission re-promulgated the changes made to the guidelines as a permanent amendments. *See* Amendment 750, 76 Fed. Reg. 24, 960, 24,963

(May 3, 2011). On July 13, 2011, the Commission voted to make Amendment 750 retroactive. 76 Fed. Reg. 41, 332, 41,333 (Jul. 13, 2011). Amendment 750 thus became part of the amendments included in USSG § 1B1.10(c) in the list of amendments to be given retroactive effect.

Based on the changes outlined above, USSG § 1B1.10 now reads in pertinent part as follows:

> (a) <u>Authority</u>.–
>
>> (1) <u>In general.</u>–In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>>
>> (2) <u>Exclusions</u>.–A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if–
>>
>> (A) None of the amendments listed in subsection (c) is applicable to the defendant; or
>>
>> (B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
>
> * * *
>
> (b) <u>Determination of reduction in term of imprisonment.</u>
>
>> (1) <u>In general.</u>–In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments

> listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.
>
> (2) <u>Limitation and prohibition on extent of reduction.</u>–
>
> (A) <u>Limitation.</u>–Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.
>
> \* \* \*
>
> (C) <u>Prohibition.</u>–In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.
>
> \* \* \*

USSG § 1B1.10.

    Now, in determining whether to use its discretion to reduce a sentence imposed using guidelines subsequently amended by the Sentencing Commission, and the extent of any such reduction, a district court must consider the sentencing factors listed in 18 U.S.C. § 3553(a), as well as public safety considerations and a defendant's post-sentencing conduct. USSG § 1B1.10, comment. 1(B); *see also United States v. Williams,* 557 F.3d 1254, 1256 (11th Cir. 2009). This Court is not required to articulate the applicability of each factor, "as long as the record as a whole demonstrates that the pertinent factors were taken into account...." *United States v. Vautier*, 144 F.3d at 762 (citing *United States v. Eggersdorf*, 126 F.3d 1318, 1322 (11th Cir.1997) (finding that the district court's short order, referencing the government's brief that enumerated specific elements relevant to a § 3553(a) inquiry, provided sufficient reasons for the court's sentence.).

**B. Application of Law to Facts**

In this particular case, Mr. Vargas-Molina should be found to be eligible for a sentencing reduction. Like in the case of Mr. Figueroa-Toro, in the present case the parties simply stipulated a base offense level of 36 without specifying a drug type or quantity. At sentencing, the Court adopted the recommended base offense level and, again, no specific mention was made as to what drug type or quantity said base offense level corresponded to. Admittedly, the Judgment indicates that as to Count One the offense is "Conspiracy to distribute at least 50 but less than 150 kilograms of cocaine" which would yield a base offense level of 36. But there is nothing in the record, like in the case of Mr. Figueroa-Toro, to support said finding, as opposed to a finding of distribution of heroine, crack or marijuana. That being the case, and the government having agreed to a two-level reduction in the case of Mr. Figueroa-Toro under very similar circumstances, Mr. Vargas-Molina should equally be found to be eligible at the very least to a two-level reduction. Thus, an adjusted offense level of 34 and a CHC of III yields an imprisonment range of 188 to 235 months. Mr. Vargas-Molina should be re-sentenced to 188 months.

To rule otherwise would be to create an unwarranted disparity among similarly situated co-defendants. And as stated above, in the determination of whether relief is going to be granted, the Court needs to consider section 3553(a) factors one of which is to avoid unwarranted disparities. Moreover, the record of this case and Mr. Vargas-Molina's BOP administrative record does not reveal public safety issues. He has been incarcerated for over 12 years. The reduction requested herein is a modest one and will result in still a substantial sentence of 15.5 years which we submit it is sufficient and not greater than necessary to accomplish all goals of sentencing including punishment and deterrence.

## IV. CONCLUSION

In view of the above, Mr. Vargas-Molina respectfully requests that his motion requesting a sentencing reduction pursuant to 18 U.S.C. § 3582(c) and the retroactive crack amendments be granted. A sentence of **188** months should accordingly be imposed.

**WHEREFORE**, it is respectfully requested that this Honorable Court take notice of the present motion and that the sentence reduction requested herein be granted.

**I HEREBY CERTIFY** that on this date I personally filed the present petition with the Clerk of Court using the CM/ECF system which will send notification of the same to all parties of record.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico, this 21st day of September, 2012.

**HECTOR E. GUZMAN, JR.**
**FEDERAL PUBLIC DEFENDER**
**DISTRICT OF PUERTO RICO**

**S/Hector L. Ramos-Vega**
Hector L. Ramos-Vega
Assistant Federal Public Defender
USDC-PR 222504
241 F.D. Roosevelt Ave.
Hato Rey, P.R. 00918-2441
(787) 281-4922/ Fax (787) 281-4899
E-mail: Hector_Ramos@fd.org